h CALOGERO, Chief Justice
concurs in the denial of the writ application:
Here, as in State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198, the trial judge denied the motion to quash and has a great deal of discretion in that regard. The facts of this case are, in some respects, stronger for the defendant-i.e., the district attorney twice entered nolle grosses when the trial judge denied his motion for continuance then reinstituted charges, the motions for continuance were not based on valid reasons, and the defendant has been incarcerated since his arrest. However, the defendant cannot jump the first hurdle of the test established by Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for showing that his right to a speedy trial has been violated since only eleven months passed between the filing of the bill of information and the filing of the motion to quash, and that period of time is insufficient to show a presumptively prejudicial delay. Since the defendant cannot establish the first Barker factor, the other factors should not be considered. Accordingly, the trial court did not abuse his discretion in denying the defendant’s motion to quash.